DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Plaintiff GENENTECH, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENENTECH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GLAXOSMITHKLINE LLC,<br><br>Defendant. | Case No. 5:10-cv-4255-JF<br><br>**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NOS. RE40,070 AND RE41,555**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of patent non-infringement and invalidity of United States Patent Nos. RE40,070 ("the '070 patent") and RE41,555 ("the '555 patent") (collectively, "the Asserted Patents") arising under the patent laws of the United States, Title 35 of the United States Code. The '070 Patent is attached hereto as Exhibit A. The '555 Patent is attached hereto as Exhibit B.

## PARTIES

2. Plaintiff Genentech, Inc. is a Delaware corporation with a principal place of business at One DNA Way, South San Francisco, California 94080.

3. Defendant GlaxoSmithKline LLC is a Delaware limited liability company with its address at One Franklin Plaza, Philadelphia, Pennsylvania 19102.

## BACKGROUND

4. On September 20, 2010, GlaxoSmithKline LLC ("GlaxoSmithKline") filed a lawsuit, CV-10-0799, in United States District Court for the District of Delaware ("the Delaware action") alleging infringement by Genentech Inc. of the Asserted Patents.

5. The only Genentech, Inc. ("Genentech") therapeutic antibody product named in GlaxoSmithKline's complaint in the Delaware action is Herceptin.

6. All the claims of the Asserted Patents require that protein purification be accomplished using Hydrophobic Interaction Chromatography.

7. Genentech's process for making Herceptin does not include the use of Hydrophobic Interaction Chromatography.

## JURISDICTIONAL STATEMENT

8. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

9. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

/ / /

/ / /

10. This Court has personal jurisdiction over defendant GlaxoSmithKline by virtue of its sufficient minimum contacts with this forum as a result of business it conducts in the State of California and within the Northern District of California.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c).

12. An immediate, real, and justiciable controversy exists between Genentech and GlaxoSmithKline as to whether the Asserted Patents are valid or are infringed by Plaintiff's making and/or having made Herceptin.

13. On information and belief, Paula Shadle, a named inventor on the '070 patent and on the '555 patent, resides within this District.

**INTRADISTRICT ASSIGNMENT**

14. For purposes of intradistrict assignment pursuant to Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action is to be assigned on a district-wide basis.

**FIRST COUNT**

**(Declaration of Non-infringement of the '070 Patent)**

15. Genentech restates and incorporates by reference each of the allegations of the foregoing paragraphs of this Amended Complaint.

16. GlaxoSmithKline claims to be the owner and assignee of all rights, title and interest in and under the '070 Patent.

17. There is a substantial, immediate and real controversy between the parties as to the non-infringement of the '070 patent.

18. Genentech's manufacture of Herceptin does not infringe and has not infringed any valid claim of the '070 Patent. Genentech's process for making Herceptin during at least the six-year period prior to September 20, 2010, does not include the use of Hydrophobic Interaction Chromatography, which is a required element of all claims of the '070 Patent. GlaxoSmithKline is entitled to no relief for its claim that Genentech's making or having made Herceptin infringes the '070 patent.

/ / /

/ / /

**SECOND COUNT**

**(Declaration of Non-infringement of the ’555 Patent)**

19. Genentech restates and incorporates by reference each of the allegations of paragraphs 1-14 of this Amended Complaint.

20. GlaxoSmithKline claims to be the owner and assignee of all rights, title and interest in and under the ’555 Patent.

21. There is a substantial, immediate and real controversy between the parties as to the non-infringement of the ’555 patent.

22. Genentech’s manufacture of Herceptin does not infringe and has not infringed any valid claim of the ’555 Patent. Genentech’s process for making Herceptin during at least the six-year period prior to September 20, 2010, does not include the use of Hydrophobic Interaction Chromatography, which is a required element of all claims of the ’555 Patent. GlaxoSmithKline is entitled to no relief for its claim that Genentech’s making or having made Herceptin infringes the ’555 patent.

**THIRD COUNT**

**(Declaration of Invalidity of the ’070 Patent)**

23. Genentech restates and incorporates by reference each of the allegations of paragraphs 1-18 of this Amended Complaint.

24. There is a substantial, immediate and real controversy between the parties as to the invalidity of the ’070 patent.

25. 1. The ’070 patent is invalid because it is barred, anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 by at least the following prior-art reference: Schmidt, C., *The purification of large amounts of monoclonal antibodies*, 1989, J. Biotech. 11:235-252.

**FOURTH COUNT**

**(Declaration of Invalidity of the ’555 Patent)**

26. Genentech restates and incorporates by reference each of the allegations of paragraphs 1-14 and 19-22 of this Amended Complaint.

/ / /

27. There is a substantial, immediate and real controversy between the parties as to the invalidity of the '555 patent.

28. The '555 patent is invalid because it is barred, anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 by at least the following prior-art reference: Schmidt, C., *The purification of large amounts of monoclonal antibodies*, 1989, J. Biotech. 11:235-252.

**FIFTH COUNT**

**(Statute of Limitations)**

29. Genentech restates and incorporates by reference each of the allegations of the foregoing paragraphs of this Amended Complaint.

30. There is a substantial, immediate and real controversy between the parties as to whether GlaxoSmithKline would be entitled to recover for any alleged infringement of a valid patent by Genentech even if such infringement could be established.

31. GlaxoSmithKline is barred from recovering for any infringement by Genentech that took place outside the six-year period established by 35 U.S.C. §286.

32. Genentech's manufacture of Herceptin does not infringe any valid claim of the Asserted Patents within six years of the filing of GlaxoSmithKline's complaint in the Delaware action because Genentech has not used or caused Hydrophobic Interaction Chromatography to be used for making Herceptin within this period.

**PRAYER FOR RELIEF**

WHEREFORE, Genentech prays for judgment as follows:

A. that the Court find and declare that the '070 Patent is not and has not been infringed by Genentech making or causing Herceptin to be made;

B. that the Court find and declare that the '555 Patent is not and has not been infringed by Genentech making or causing Herceptin to be made;

C. that the Court find and declare that the '070 Patent is invalid.

D. that the Court find and declare that the '555 patent is invalid.

/ / /

E. that the Court find and declare that GlaxoSmithKline's recovery is barred or limited by 35 U.S.C. §286.

F. that judgment be entered in favor of Genentech and against GlaxoSmithKline on each of Genentech's claims;

G. that the Court find this an exceptional case and award Genentech its costs and attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

H. that the Court grant Genentech such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Genentech hereby demands a jury trial on all issues and claims so triable.

Dated: October 11, 2010

DURIE TANGRI LLP

By: *_/s/ Daralyn J. Durie_*
DARALYN J. DURIE

Attorneys for Plaintiff GENENTECH, INC.