1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 12/1/2010**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| GENENTECH, INC., | Case No.  5:10-cv-04255-JF /PVT |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, TRANSFER, OR STAY** |
| v. | |
| GLAXOSMITHKLINE LLC, | [Document No.  10] |
| Defendant. | |

Defendant GlaxoSmithKline, LLC ("GSK") moves to dismiss, transfer, or stay the instant action for declaratory relief brought by Plaintiff Genentech, Inc. ("Genentech").  The Court has considered the moving and responding papers, declarations, and oral arguments of counsel presented at the hearing on November 19, 2010.  For the reasons discussed below, the motion will be granted in part, and the action will be stayed as set forth below.  The motion otherwise will be denied without prejudice.

## I.  BACKGROUND

This action is one of two federal lawsuits involving Genentech's purification of a

1  therapeutic antibody called Herceptin, a process which GSK claims infringes U.S. Patent Nos.

2  RE40,070 and RE41,555 (collectively, the "patents in suit").  On September 20, 2010, GSK filed

3  a complaint in the District of Delaware, alleging that Genentech and its parent company, Roche

4  Holding Ltd. ("Roche") have infringed the patents in suit by manufacturing Herceptin and other

5  therapeutic antibodies.  Later the same day, Genentech filed the instant action in this Court,

6  seeking a judicial declaration that its manufacture of Herceptin does not infringe the patents in

7  suit.  Genentech subsequently amended its complaint to seek an additional declaration that the

8  patents in suit are invalid.  Roche is not a party to this action, and this action does not involve

9  therapeutic antibodies other than Herceptin.  Genentech claims that it was unaware of the

10  underlying controversy until GSK filed suit in Delaware.  (Genentech's Opp'n at 3:14-16.)

11        Each party asserts that the forum in which it has filed its own lawsuit is the appropriate

12  place to resolve the controversy.  While the parties agree that their dispute should be litigated

13  only in a single forum, (Lerner Decl. Ex. A), they disagree as to how that forum should be

14  selected.  GSK prefers that Genentech file a motion for transfer in Delaware.  (*Id.*)  Genentech

15  initially declined to do so because it believes that this Court can and should consider the issue.

16  (*Id.*)  However, on November 12, 2010, after the briefing on the instant motion was completed,

17  and without prejudice to its position, Genentech did move in Delaware for transfer pursuant to 28

18  U.S.C. § 1404(a).  (Case No. 1:10-cv-00799-GMS, Docket No. 9.)  Briefing on that motion has

19  not been completed, and no hearing date has been set.

## II.  DISCUSSION

### A.  The first-to-file rule

22        "As between federal district courts, . . . though no precise rule has evolved, the general

23  principle is to avoid duplicative litigation."  *Colo. River Water Conservation Dist. v. United*

24  *States*, 424 U.S. 800, 817 (1976) (citations omitted).  "There is a generally recognized doctrine of

25  federal comity [known as the first-to-file rule] which permits a district court to decline

26  jurisdiction over an action when a complaint involving the same parties and issues has already

27  been filed in another district."  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th

28  Cir. 1982).  "The most basic aspect of the first-to-file rule is that it is discretionary."  *Alltrade,*

2

1  *Inc. v. Uniweld Prods., Inc.* 946 F.2d 622, 628 (9th Cir. 1991).  "If the first-to-file rule does

2  apply to a suit, the court in which the second suit was filed may transfer, stay or dismiss the

3  proceeding in order to allow the court in which the first suit was filed to decide whether to try the

4  case." *Intuitive Surgical, Inc. v. Cal. Inst. of Tech.*, No. C07-0063-CW, 2007 WL 1150787, at *1

5  -2 (N.D. Cal. April 18, 2007) (citing *Alltrade*, 946 F.2d at 622).

6      "In applying the first-to-file rule, a court looks to three threshold factors: '(1) the

7  chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the

8  issues.'" *Id.* (quoting *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D.

9  Cal.2003)).  Genentech does not dispute that these prerequisites have been met.

10  **B.    Exceptions to the first-to-file rule**

11      Genentech contends that this Court should not apply to the first-to-file rule in this

12  instance because California clearly is the more convenient forum.  "The circumstances under

13  which an exception to the first-to-file rule typically will be made include bad faith, [citation],

14  anticipatory suit, and forum shopping." *Alltrade*, 946 F.2d at 628 (citations omitted).  In *Micron*

15  *Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008), the Federal Circuit held

16  that "where the two actions [are] filed almost simultaneously," "[i]nstead of . . . automatically

17  going with the first filed action, the more appropriate analysis takes account of the convenience

18  factors under 28 U.S.C. § 1404(a)."

19      Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the

20  interest of justice, a district court may transfer any civil action to any other district or division

21  where it might have been brought."  It is undisputed that the instant action originally could have

22  been brought either in California and Delaware.  A motion for transfer pursuant to § 1404(a) lies

23  within the discretion of the court. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.

24  2000).  Examples of the factors to be weighed in deciding a motion for transfer include:  (1) the

25  location where the relevant agreements were negotiated and executed; (2) the state that is most

26  familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties'

27  contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen

28  forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of

3

1    compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access

2    to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public

3    policy of the forum state, if any. *Id.* at 498-99. The Court also may consider "'the administrative

4    difficulties flowing from court congestion.'" *Decker Coal Co. v. Commonwealth Edison Co.*,

5    805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6

6    (1981)). Above all of these factors, "[t]he convenience of witnesses 'is often the most important

7    factor considered by the court when deciding a motion to transfer for convenience.'" *Kannar v.*

8    *Alticor, Inc.*, No. C-08-5505 MMC, 2009 WL 975426, at *2 (N.D. Cal. April 9,2009) (citing

9    *Steelcase v. Haworth*, No. CV 96-1964 JGD (AJWx), 1996 WL 806026, at *3 (C.D. Cal. May

10   15, 1996)).

11   **C.    *Micron*'s effect on the first-to-file rule**

12         The parties agree that the *Jones* convenience factors are controlling here. However, they

13   disagree as to *which* district court should evaluate those factors. GSK observes correctly that

14   under Ninth Circuit precedent applying the first-to-file rule, "[a]s for the respective convenience

15   of the two courts[,] 'normally [this argument] should be addressed to the court in the first-filed

16   action . . . The court in the second-filed action is not required to duplicate this inquiry.'" *Alltrade*,

17   946 F.2d at 628 (quoting *Pacesetter*, 678 F.2d at 96) (alteration in the original). *See also Meru*

18   *Networks, Inc. v. Extricom Ltd.*, No. C-10-02021 RMW, 2010 WL 3464315, at *2 (N.D. Cal.

19   Aug. 31, 2010) (citing to *Alltrade* and, as the court in the second-filed action, dismissing the

20   action and declining "to make any decision regarding convenience"); *Girafa.com, Inc. v. Alexa*

21   *Internet, Inc.*, No. C-08-02745 RMW, 2008 WL 4500858, at *8 (N.D. Cal. Oct. 6, 2008) (citing

22   to *Alltrade* and, as the court in the second-filed action, staying that action pending resolution of a

23   motion to transfer before the court in the first-filed action and declining to make any decision

24   regarding convenience).

25         However, relying upon *Micron*, Genentech asserts that this Court should undertake the

26   determination because GSK has asked *this Court* to decline jurisdiction. In *Micron*, the plaintiff

27   sought declaratory relief with respect to the defendant's patents, and the next day, the defendant

28   filed a mirror-image infringement action against the plaintiff in another district. MOSAID, the

4

defendant in the first-filed action, moved to dismiss for lack of subject matter jurisdiction or to

transfer to the forum of the second-filed action.  The court in the first-filed action granted the

motion to dismiss without reaching the motion to transfer, finding that it lacked subject matter

jurisdiction to grant declaratory relief because there was no "reasonable apprehension of suit" at

the time that the action had been filed.  The district court also found that even if there were

subject matter jurisdiction, it still would decline to hear the case because the second-filed

infringement action was broader than the first filed declaratory judgment action and neither court

had a vested interest in the case.[1]

The Federal Circuit reversed, noting that in the interim, the Supreme Court had rejected

the "reasonable apprehension of suit" test,  *MedImmune Inc. v. Genentech Inc.*, 549 U.S. 118

(2007), and concluding that there was a controversy between the parties sufficient to give rise to

jurisdiction under the Declaratory Judgment Act.  *Micron*, 518 F.3d at  902.  Relevant to the

instant case, the Federal Circuit also held that the district court would have abused its discretion

in declining to hear the declaratory action "solely [based] on considerations such as tenuousness

of jurisdiction, broadness of case, and degree of vestment."  *Id.* at 904.  As noted earlier, the

Federal Circuit held that "where the two actions [are] filed almost simultaneously," "[i]nstead of

. . . automatically going with the first filed action, the more appropriate analysis takes account of

the convenience factors under 28 U.S.C. § 1404(a)."  *Id.* at 904.  The court noted that while "the

ease of obtaining a declaratory judgment [post *MedImmune*] could occasion a forum-seeking race

to the courthouse between accused infringers and patent holders," 518 F.3d at 903, "[e]ventually,

robust consideration of [the convenience] factors will reduce the incentives for a race to the

courthouse because both parties will realize that the case will be heard or transferred to the most

convenient or suitable forum," *id.* at 905.

Accordingly, under *Micron*, a court applying the first-to-file rule may not determine the

---

[1]  As noted in *Micron*, 518 F.3d at 903, the Declaratory Judgment Act vests a court with discretion to accept a declaratory judgment action in the first instance by providing that "[i]n a case of actual controversy within its jurisdiction . . . any court . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).

1  appropriate forum without weighing the convenience factors under § 1404(a).  However, *Micron*

2  says nothing about *which* court should make that determination.  Because *Micron*'s holding was

3  directed to the court hearing the first-filed action, the Federal Circuit did not consider the instant

4  situation, in which the court in *the second-filed action* is asked to weigh the convenience factors.

5  Under the procedural law of the Ninth Circuit, "'normally [this issue] should be addressed to the

6  court in the first-filed action . . . .'" *Alltrade*, 946 F.2d at 628.

7      The Court recognizes that *Alltrade* leaves parties with at least some incentive to race to

8  the courthouse, as parties might have a preference as to which court will make the convenience

9  determination.  Indeed, there is a reasonable policy argument that *Alltrade increases* parties'

10  incentive to race to the courthouse, as it has been observed that courts in some districts seem

11  more reluctant that others to exercise their discretion to transfer cases.  If the court in the second-

12  filed action had discretion to weigh the convenience factors, there would be less incentive to race

13  into court, as the defendant could initiate a second-filed action in a separate forum, and the court

14  of the defendant's choosing could weigh the convenience factors.  Genentech contends that it

15  also would be more efficient for this Court to consider the convenience factors because the

16  relevant issues already have been fully briefed and argued in this Court, while briefing has not

17  yet been completed with respect to the transfer motion pending in Delaware.

18      However, just as "[t]he administration of justice would be chaotic indeed if one district

19  court could order another [pursuant to § 1404(a)] to divest itself of jurisdiction and to transfer a

20  case properly before it," *Nat'l Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 46-47 (2d Cir. 1961),

21  the same risk is present where the court in a second-filed action considers the convenience

22  factors in connection with a motion to dismiss pursuant to the first-to-file rule.  Particularly in the

23  absence of any contrary authority, *Alltrade* is persuasive, and the court with jurisdiction over the

24  first-filed action should weigh the convenience factors in the first instance.

25                              **III.  CONCLUSION**

26      For the reasons discussed above, the instant motion will be granted in part.  This action

27  will be stayed pending a decision in the District of Delaware on Genentech's motion to transfer.

28  GSK's motion otherwise is denied without prejudice.

6

1    **IT IS SO ORDERED.**

2

3    DATED: 11/30/2010

4                                              JEREMY FOGEL
                                               United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7